UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWARD J.,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

**DECISION AND ORDER**

1:24-CV-00696 EAW

# INTRODUCTION

Represented by counsel, Plaintiff Edward J. ("Plaintiff") brings this action pursuant to Title II and Title XVI of the Social Security Act ("Act"), seeking review of the final determination of the Commissioner of Social Security ("Commissioner") denying her[1] applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). (*See id.*).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. 5; Dkt. 11). For the reasons discussed below, the Commissioner's motion for judgment on the pleadings (Dkt. 11) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 5) is denied.

---

[1]     Plaintiff is a transgender woman, and consistent with Plaintiff's counsel's submission, the Court will use the female pronouns.

- 1 -

## BACKGROUND

On October 18, 2021, Plaintiff filed applications for DIB and SSI. (*See* Dkt. 3 at 270-90).[2] Plaintiff alleged that she was disabled because of a degenerative disc disorder, bilateral knee problems, and a history of multiple fractures, with a disability onset date of March 15, 2020. (*See id.* at 302). The Social Security Administration ("SSA") initially denied Plaintiff's applications, as well as upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). (*See id.* at 89-128, 184-85). Following a hearing on August 10, 2023, ALJ Edward Malvey issued an unfavorable decision on September 25, 2023. (*See id.* at 18-68). Plaintiff requested Appeals Council review, which was denied on June 7, 2024. (*See id.* at 5-10). Plaintiff then filed the present action on July 25, 2024. (Dkt. 1).

## LEGAL STANDARDS

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citation modified). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by "substantial evidence." *See* 42 U.S.C. § 405(g). "'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Talavera*, 697 F.3d

---

[2]   Page numbers in docket citations refer to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

at 151 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (citation modified).  However, "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citation modified).

II.   **Disability Determination**

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, the claimant is not disabled.  *Id.*  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id.* §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  *Id.*  But if the claimant does have at least one severe impairment, the ALJ continues to step three.  *Id.*

At step three, the ALJ examines whether a claimant's severe impairment meets or medically equals the criteria of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").  *Id.* §§ 404.1520(d), 416.920(d).  If the severe impairment meets or medically equals the criteria of a listed impairment and has lasted, or is expected to last,

for a continuous period of at least 12 months, then the claimant is disabled. *Id.* If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the most "an individual can still do despite his or her limitations . . . in an ordinary work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996). "'A regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* But if he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant, in light of his or her age, education, and work experience, "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (citation modified); *see* 20 C.F.R. §§ 404.1560(c), 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520(a) and 416.920(a). (*See* Dkt. 3 at 21-30). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of March 15, 2020. (*See id.* at 23).

At step two, the ALJ found that Plaintiff suffered from one severe impairment: degenerative disc disease. (*See id.* at 23-25). The ALJ also found that Plaintiff's alleged bilateral knee impairment was non-severe. (*See id.*). Further, the ALJ found that Plaintiff's gender dysphoria did not cause more than a minimal impairment on her mental work-related functioning. (*See id.* at 24).

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal one of the Listings. (*See id.* at 25). In particular, the ALJ considered Listing 1.15. (*See id.*). Then, before proceeding to step four, the ALJ concluded that Plaintiff had the RFC to perform "light work" as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could "frequently climb, balance, stoop, and crouch." (*See id.* at 25-28).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 28). But at step five, the ALJ found that Plaintiff, given her age, education, work experience, and RFC, could perform work existing in significant numbers in the national economy as a merchandising marker, collator operator, or housekeeper cleaner. (*See id.* at 29). Accordingly, the ALJ determined that Plaintiff was not disabled as defined by the Act between March 15, 2020, and September 25, 2023. (*See id.* at 30).

II. **The Commissioner's Determination is Supported by Substantial Evidence and Free from Legal Error**

Plaintiff asks the Court to remand this matter to the Commissioner for further administrative proceedings, arguing that the ALJ's decision was unsupported by substantial evidence. (*See* Dkt. 5-1 at 9-16). More specifically, Plaintiff argues that the ALJ improperly discounted the opinion of consultative examiner Russell Lee, M.D., and

improperly rejected the opinions of treating provider Elizabeth Gattman, NP-C. (*See id.*). The Court has considered those arguments and, for the reasons discussed below, finds them to be without merit.

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). A claimant's RFC need not "perfectly correspond with any of the opinions of medical sources cited in his decision," *Matta*, 508 F. App'x at 56, and remand for further administrative proceedings is unnecessary as long as the ALJ's analysis "affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence," *see Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).

For claims filed on or after March 27, 2017, such as Plaintiff's, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Further, "when a medical source provides one or more medical opinions or prior administrative medical findings, [the ALJ] will consider those medical opinions or prior administrative findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section. *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, the purpose and extent of the treatment

relationship, and the examining relationship; (4) specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *See id.* §§ 404.1520c(c), 416.920c(c).

The ALJ must articulate his or her consideration of the medical opinion evidence, including how persuasive he or she finds the medical opinions in the case record. *See id.* §§ 404.1520c(b), 416.920c(b). More specifically, the ALJ must explain how he or she considered the "supportability" and "consistency" factors and may—but is not required to—explain how he or she considered the remaining factors. *See id.* §§ 404.1520c(b)(2), 416.920c(b)(2). With respect to "supportability," the regulations provide that "the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1) (citation modified). And with respect to "consistency," the regulations provide that "the more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).

On April 22, 2022, Dr. Lee examined Plaintiff and opined that she "has moderate limitations to activities involving prolonged sitting, prolonged standing, bending, [and] lifting." (*See* Dkt. 3 at 627). The ALJ found that opinion "partially persuasive" because it was supported by Dr. Lee's own examination findings and "generally consistent with the

medical evidence of record," as well as with the findings of state agency medical consultant D. Miller, D.O. (*See id.* at 27-28). But the ALJ also noted that the opinion was vague to the extent that "Dr. Lee did not further define the moderate limitations." (*See id.* at 27).

Plaintiff faults the ALJ for not explaining "how a moderate limitation in prolonged standing was consistent with light work, which generally 'requires a good deal of walking or standing.'" (*See* Dkt. 5-1 at 13 (quoting 20 C.F.R. §§ 404.1567(b), 416.967(b))). However, "courts in this circuit repeatedly have held that moderate limitations in walking, standing, or lifting are consistent with an RFC for light work." *Gabrielle C. v. Comm'r of Soc. Sec.*, No. 21-CV-00567-LJV, 2023 WL 5200159, at *2 (W.D.N.Y. Aug. 14, 2023) (citation modified); *see White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (finding that a consultative physician's opinion that the plaintiff had moderate limitations in standing, sitting, and performing "other activities" supported RFC for light work). Accordingly, the ALJ did not need to explain the relationship between Dr. Lee's finding of moderate limitations and an RFC for light work.

On September 9, 2022, NP Gattman opined that Plaintiff: (1) could never lift or carry any items weighing more than 10 pounds; (2) could stand or walk for at least 2 hours within an 8-hour workday; (3) needed to periodically alternate between sitting and standing to relieve pain or discomfort; (4) could never climb, balance, or crouch; (5) could occasionally stoop, kneel, and crawl; and (6) could occasionally reach. (*See* Dkt. 3 at 670-72). On July 7, 2023, NP Gattman opined that Plaintiff: (1) could walk 1 city block before needing rest or experiencing severe pain; (2) could sit for a total of 15 minutes before needing to change positions; (3) could stand for a total of 5 minutes before needing to

- 8 -

change positions; (4) could stand or walk for less than 2 hours total during an 8-hour workday; (5) could sit about 2 hours total during an 8-hour workday; (6) would need a job that permitted her to shift positions at will; (7) would need a job that would allow her to walk for 5 minutes every hour; (8) would need to take an unscheduled break lasting 5 or 10 minutes every hour; (9) would need to use a cane or other hand-held assistive device when standing or walking; (10) could occasionally lift 10 pounds but never lift 20 pounds; (11) could rarely twist but could never stoop, crouch, squat, or climb; (12) would be off task 10% of an 8-hour workday; (13) was capable of low-stress work; and (14) would be absent from work more than 4 days per month.  (*See id.* at 698-701).

The ALJ found NP Gattman's opinions "unpersuasive" because they were "not consistent with or supported by the medical evidence of record." (*See id.* at 28).  The ALJ explained that NP Gattman's opinions were inconsistent with many of her "own examinations show[ing] that [Plaintiff] had a normal gait, no spinal tenderness, and normal motor function in all extremities." (*Id.*).  The ALJ also explained that the opinions were inconsistent with Dr. Lee's physical examination and a neurosurgical evaluation in March 2023, both of which showed that Plaintiff had a normal gait and good motor strength.  (*See id.*).  Finally, the ALJ explained that NP Gattman's opinions were inconsistent with Plaintiff's conservative treatment history, as well as with her ability "to do some chores, go shopping, and handle other daily activities." (*See id.*).

Plaintiff argues that the ALJ erred because he ignored NP Gattman's observation in June 2023 that Plaintiff "walked with a markedly antalgic gait and had severely limited range of motion of her spine with pain." (*See* Dkt. 5-1 at 14; *see also* Dkt. 3 at 514

(treatment note by NP Gattman from Plaintiff's visit on June 27, 2023)). But "an ALJ is not required to 'explicitly . . . reconcile every conflicting shred of medical testimony,'" *Martino v. Comm'r v. Soc. Sec.*, 339 F. Supp. 3d 118, 123 (W.D.N.Y. 2018) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)), and instead is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole," *Matta*, 508 F. App'x at 56. As a result, the ALJ was not obligated to discuss this one specific treatment note by NP Gattman when evaluating her opinions within the context of the entire record. *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2) ("The more consistent a medical opinion(s) . . . is with evidence *from other medical sources and nonmedical sources* in the claim, the more persuasive the medical opinion(s) . . . will be." (emphasis added)); *see also Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (explaining that "whether there is substantial evidence supporting the [claimant's] view is not the question here; rather, [a reviewing court] must decide whether substantial evidence supports the ALJ's decision." (citation modified)).

In the Court's view, the ALJ followed the regulations when evaluating Dr. Lee's and NP Gattman's opinions. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). To the extent Plaintiff argues otherwise, such argument amounts to a disagreement with the ALJ's weighing of the evidence, and it is "not the function of this Court to re-weigh evidence or to consider *de novo* whether [Plaintiff] is disabled." *Teena H. o/b/o N.I.K. v. Comm'r of Soc. Sec.*, 521 F. Supp. 3d 287, 292 (W.D.N.Y. 2021); *see Pellam v. Astrue*, 508 F. App'x 87, 91 (2d Cir. 2013) ("We think that Pellam is, in reality, attempting to characterize her claim that the ALJ's determination was not supported by substantial evidence as a legal

argument in order to garner a more favorable standard of review."). Accordingly, Plaintiff is not entitled to remand based on the ALJ's evaluation of Dr. Lee's and NP Gattman's opinions.

## **CONCLUSION**

For the reasons stated above, the Commissioner's motion for judgment on the pleadings (Dkt. 11) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 5) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   January 23, 2026
         Rochester, New York